IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MCF SERVICES, INC., t/a STATE ELECTRIC, | : CIVIL ACTION |
| Plaintiff, | : NO. 05-01115 |
| v. | : |
| ERNEST BOCK & SONS, et al., | : |
| Defendants. | : |

## MEMORANDUM

Giles, J.                                                                December 11, 2007

### I. Introduction

Before the court is Defendants Ernest Bock & Sons, XL Reinsurance America, Inc., and XL Specialty Insurance Co.'s (collectively "Defendants") Motion for Summary Judgment on all counts of Plaintiff MCF Services, Inc. t/a State Electric's ("State") Complaint. Plaintiff brought a twelve-count Complaint against the aforementioned Defendants and Defendant International Brotherhood of Electrical Workers Union Local No. 380 ("IBEW Local 380") alleging breach of contract, failure to honor bonds, unjust enrichment and quantum meruit, and tortious interference with contract, arising out of subcontracts Plaintiff entered into with Defendants to perform electrical and telecommunications work on two construction projects.

Defendant IBEW Local 380, the claim against which involved the terms of a collective bargaining agreement and upon which exclusive federal jurisdiction was conferred, subsequently was dismissed from the case. The issue raised and determined by the court is whether the court, in its discretion, should continue to exercise supplemental jurisdiction over the eleven remaining state law claims where all claims over which it had original jurisdiction were dismissed. The

ENTERED
DEC 13 2007
CLERK OF COURT

court answers in the negative and declines to exercise supplemental jurisdiction for the reasons that follow. The above-captioned action is therefore dismissed and remanded to the Chester County Court of Common Pleas. Any pending motions are denied as moot.

## II. Factual and Procedural Background

Plaintiff filed his twelve-count Complaint in the Chester County Court of Common Pleas on February 11, 2005, which was removed to federal court on March 9, 2005. The Complaint alleges that Defendant Ernest Bock & Sons ("Bock") entered into two general construction contracts. One contract was for general construction services with the Great Valley School District ("GVSD") for additions and reconstruction of the Great Valley High School in Malvern, PA (the "GVHS Project"). The second was a contract for general construction services with Lower Merion School District ("LMSD") for additions and reconstruction of the Merion Elementary School in Merion, PA (the "Merion Project").

Defendants XL Reinsurance America, Inc. and XL Specialty Insurance Co. (collectively "XL") provided labor and material bonds for these two projects. Under the terms of the labor and material payment bonds for each project, Bock, as principal, and XL, as surety, bound themselves jointly and severally to pay amounts due to persons supplying labor, material, and/or equipment to the projects.

Bock subcontracted with Plaintiff to perform electrical and telecommunications work for these contracts. Plaintiff entered into the written subcontract agreement for the GVHS Project on March 21, 2003, and into the written subcontract agreement for the Merion Project on August 18, 2003. The subcontract for the GVHS Project was revised on August 11, 2003 to change

Plaintiff's name from State Electric to "MCF Services, Inc. t/a State Electric." Plaintiff alleges that it continuously supplied labor, material, and equipment on the GVHS Project through December 2004 and on the Merion Project through February 22, 2004.

Plaintiff alleges that it performed its services under the contract in a good and workmanlike manner and that Defendants Bock and XL's have refused to honor their obligations under the contract. Plaintiff claims that Bock denied Plaintiff payment for its work on the projects, and that Bock owes them $539,672.69 for the GVHS Project and $285,460.00 for the Merion Project. Plaintiff seeks the alleged amounts due for both projects, as well as damages in excess of $50,000, interest, penalties, reasonable costs and attorneys' fees, and other relief the court may deem appropriate.

Specifically, Plaintiff's claims relative to the GVHS Project are as follows: failure to honor the GVHS Bond against XL (Count I); breach of the GVHS Subcontract against Bock (Count III); unjust enrichment against Bock (Count IV); violation of the Pennsylvania Prompt Payment Act, 62 Pa. C.S. § 3931, et seq., against Bock (Count V); and an alternative claim for quantum meruit/quasi contract against Bock (Count VI). Plaintiff further alleges that Bock's cessation of payment in December 2004 to Plaintiff for work allegedly performed on the GVHS Project and termination of Plaintiff without cause constitutes wrongful termination and material breach of contract (Count XII).

Plaintiff's claims relative to the Merion Project are as follows: failure to honor the Merion Bond against XL (Count II); breach of the Merion Subcontract against Bock (Count VII); unjust enrichment against Bock (Count VIII); violation of the Prompt Payment Act against Bock (Count IX); and an alternative claim for quantum meruit/quasi contract against Bock (Count X).

The Complaint also alleges civil conspiracy and tortious interference with contract (Count XI) against Bock and IBEW Local 380, charging that they enticed Plaintiff's employees to leave Plaintiff's employ and begin working for a competitive electrical contractor to complete Plaintiff's scope of work under the GVHS Subcontract.

On March 9, 2005, the case was removed to this court because the claims against IBEW Local 380 involved the terms of a collective bargaining agreement. The court had exclusive jurisdiction over the matter pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185.

All Defendants subsequently answered. Defendants Bock and XL also assert a counterclaim against Plaintiff for breach of contract. Defendants assert that Plaintiff failed to perform its contractual duties in a good and workmanlike manner, such as failing to manage the projects properly, using insufficient and unspecified materials, and failing to meet scheduling expectations. Defendants allege that Plaintiff ceased its work on the two projects, leaving Defendants to cover.

On January 24, 2007, after the close of the discovery period, Defendants Bock and XL and Defendant IBEW Local 380 filed motions for summary judgment. Plaintiff did not respond to IBEW Local 380's motion. At a hearing on March 6, 2007, Plaintiff represented to the court that it did not oppose IBEW Local 380's motion. Trial for the matter was scheduled for March 14, 2007, but was cancelled and the trial schedule was suspended because the remaining parties represented to the court that they had reached a settlement agreement. The court awaited final confirmation of settlement from the parties.

On August 2, 2007, a record conference was held to ascertain the status of settlement.

The parties were unable to agree upon the terms of the settlement agreement. Upon representation by Plaintiff's counsel that IBEW Local 380's motion for summary judgment was unopposed, the court granted IBEW Local 380's motion on August 2, 2007 and dismissed IBEW Local 380. Defendants Bock and XL concede that "[a]t that point, there was no longer a federal question conferring original jurisdiction to the District Court." (Defs.' Mem. of Law in Supp. of the Ct. Continuing to Exercise Supplemental Jurisdiction 3.) A new trial date or pre-trial schedule was not set at the hearing or subsequently.

On September 5, 2007, the court sua sponte ordered the parties to submit supplemental briefings on whether the court should continue to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Defendants Bock and XL submitted a supplemental briefing in support of the court continuing to exercise supplemental jurisdiction. Plaintiff did not respond.

### III. Discussion

Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if the "district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As the statute makes clear, the decision to exercise supplemental jurisdiction over remaining state law claims pursuant to 28 U.S.C. § 1367 is committed to the discretion of the district court. Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277, 1284-85 (3d Cir. 1993). "[W]here the claim over which the district court has jurisdiction is dismissed before trial, the district court must decline to decide the pendant state claims unless considerations of *judicial economy, convenience, and fairness to the parties* provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788

(3d Cir. 1995) (emphasis added); see <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966) (directing courts to take into account principles of "judicial economy, convenience, and fairness to the litigants"). The U.S. Supreme Court in <u>Gibbs</u> emphasized that

> [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

383 U.S. at 726.

The Third Circuit has held that supplemental jurisdiction "should be declined where the federal claims are no longer viable, absent '*extraordinary circumstances.*'" <u>Shaffer v. Bd. of Sch. Dirs. of the Albert Gallatin Area Sch. Dist.</u>, 730 F.2d 910, 912 (3d Cir. 1984) (quoting <u>Tully v. Motts Supermarkets, Inc.</u>, 540 F.2d 187, 196 (3d Cir. 1976)) (emphasis added); see <u>City of Pittsburgh Comm'n on Human Relations v. Key Bank USA</u>, 163 Fed. Appx. 163, 166 (3d Cir. 2006) (unpublished) (following <u>Tully</u> and <u>Shaffer</u> and reiterating that if "all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist"); <u>but see Growth Horizons</u>, 983 F.2d at 1285 n.14 (questioning the proposition that a district court must dismiss all pendent claims once it dismisses the federal claim absent extraordinary circumstances in light of the current version of 28 U.S.C. § 1367, which provides that courts may decline to exercise jurisdiction if all federal claims are dismissed). The Third Circuit has found that "substantial time devoted to the case" and "expense incurred by the parties" does not constitute extraordinary circumstances. <u>Tully</u>, 540 F.2d at 196.

Defendants do not address the Third Circuit's extraordinary circumstances standard and

rely solely on non-controlling cases from other circuit courts. Defendants argue that judicial economy, convenience, and fairness to the parties weigh in favor of the court's exercise of supplemental jurisdiction. They argue that this matter has been pending before this court for over two years, discovery is completed, and the parties have briefed and argued Defendants' motion for summary judgment. Defendants further argue that the federal claims were effectively dismissed just eight days before trial. Defendants state that they have expended substantial resources on this case and have made strategic litigation decisions based on its posture in federal court. They argue that a remand of this case to state court would entail duplication of their litigation efforts, as well as result in a waste of judicial economy and resources because the state court would duplicate the efforts of the federal court. Defendants also assert that a remand would be unfair because it may delay trial and resolution of the matter. Finally, Defendants argue that the court should retain jurisdiction because the case does not raise complex or novel issues of state law.

The court is unpersuaded by Defendants' arguments. The Third Circuit has upheld the decision of a district court not to exercise supplemental jurisdiction in a case involving "two years of litigation, fifteen pages of court docket, 1,800 pages of deposition testimony, and 2,800 pages of discovery documents," and where defendants filed their summary judgment motion on "the eve of trial." Annulli v. Pannikar, 200 F.3d 189, 202-03 (3d Cir. 1999), abrogation on other grounds recognized by Forbes v. Eagleson, 228 F.3d 471, 483-84 (3d Cir. 2000) (regarding the accrual rule in civil Racketeering Influenced and Corrupt Organizations Act (RICO) claims). Not only does the matter in Annulli present an equal or even greater level of complexity in pre-trial discovery and litigation before the federal court than the matter at hand, but it is not the case

here that federal claims were dismissed on the "eve of trial." See id. at 203. The prior trial schedule was suspended in light of a settlement agreement reached in principle among the parties, and no trial date is currently set.

As in Annulli, the parties here can use the evidence gained in their discovery to pursue state law claims pending in state court. See id. There is no reason that Defendants cannot use such evidence to bring the same motions or benefit from their federal work product in state court. This court has no basis to conclude that there would be an extraordinary delay in state court trial processes. Therefore, factors of judicial economy, convenience, and fairness to the parties do not weigh in favor of the exercise of supplemental jurisdiction. See id. In addition, the parties' time and resources expended in this matter do not constitute extraordinary circumstances to justify the exercise of supplemental jurisdiction here. See Tully, 540 F.2d at 196.

A showing of extraordinary circumstances has not been made, such as the dismissal of underlying federal claims on the eve of trial or, more poignantly, during trial. Furthermore, Plaintiff has not filed any papers suggesting that extraordinary circumstances or prejudice exist. Plaintiff has not asserted on the face of its Complaint that it would suffer any prejudice if the case were remanded to state court. Plaintiff could not assert such because it had initially brought the action in state court. Nor is there any suggestion that any expiration of applicable state statute of limitations are at issue or present extraordinary circumstances. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (stating that Congress had foreseen such a problem and provided in 28 U.S.C. § 1367(d) that the period of limitations for pendant state claims shall be tolled while the claim is pending in federal court or for "a period of 30 days after it is dismissed unless State law provides for a longer tolling period").

Comity favors allowing the state court to hear the state law claims in this case. See Annulli, 200 F.3d at 203. Regardless of the outcome of Defendants' motion for summary judgment, if it were decided, at this point a trial would still have to be held for a determination of Defendant's counterclaim for breach of contract and any damages. A dispositive motion on the counterclaim has not been filed. Whether ruling upon dispositive motions or at trial, the exercise of supplemental jurisdiction would place this court in a position of deciding matters of purely state law, which would require this court or the federal appellate court to interpret state appellate court decisions, without an underlying federal cause of action. See Gibbs, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties."). In the absence of extraordinary circumstances, this court would be placed in the position of acting solely as a state court. In this instance, it would be an abuse of discretion for this court to act solely as a state court for the mere perceived inconvenience of some of the parties.

The court finds that the factors of judicial economy, convenience, and fairness to the parties do not weigh in favor of the court's exercise of supplemental jurisdiction, and that extraordinary circumstances do not exist to justify such exercise. Absent extraordinary circumstances, this court declines to exercise supplemental jurisdiction. Under the totality of the circumstances, this court is constrained to remind Defendants, who oppose remand, that the court is a court of limited jurisdiction.

## **V. Conclusion**

For the foregoing reasons, the above-captioned action is dismissed and remanded to the Chester County Court of Common Pleas, and any pending motions are denied as moot

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MCF SERVICES, INC., t/a STATE ELECTRIC, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 05-01115 |
| v. | : | |
| ERNEST BOCK & SONS, et al., | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 11th day of December, 2007, upon consideration of Defendants Ernest Bock & Sons, XL Reinsurance America, Inc., and XL Specialty Insurance Co.'s Memorandum of Law in Support of the Court Continuing to Exercise Supplemental Jurisdiction Pursuant to 28 U.S.C. § 1367 (Doc. No. 50), and the court's determination in its discretion not to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c), over the eleven remaining state law claims where all claims over which it had original jurisdiction were dismissed, it is hereby ORDERED that the above-captioned action is DISMISSED and REMANDED to the Chester County Court of Common Pleas for the reasons set forth in the attached memorandum. It is further ORDERED that any pending motions are DENIED AS MOOT.

BY THE COURT:

_____
JAMES T. GILES          J.